1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   KEVIN CURLEY,                              Case No. 1:20-cv-00453-JLT-BAK-SAB (PC)

12                 Plaintiff,                   ORDER DENYING PLAINTIFF'S SECOND
                                                MOTION FOR APPOINTMENT OF
13          v.                                  COUNSEL

14   CLARK, et al.,
                                                (ECF No. 23)
15                 Defendants.

16

17          Plaintiff Kevin Curley is a state prisoner proceeding *pro se* in this civil rights action

18   under 42 U.S.C. § 1983.  Plaintiff has filed a second motion seeking the appointment of counsel,

19   in response to the Court's Order of Clarification.  (ECF No. 23.)

20          As previously discussed, Plaintiff does not have a constitutional right to appointed

21   counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court

22   cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v.*

23   *U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). The Court may request the

24   voluntary assistance of counsel under section 1915(e)(1). *Rand*, 113 F.3d at 1525. However,

25   without a reasonable method of securing and compensating counsel, the Court will seek

26   volunteer counsel only in the most serious and exceptional cases. In determining whether

27   exceptional circumstances exist, the district court must evaluate both the likelihood of success of

28   ///

1  the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity

2  of the legal issues involved. *Id.*

3      Plaintiff's motion does not indicate exceptional circumstances that warrant appointment

4  of counsel. Even assuming that Plaintiff is not well-versed in the law and that he has made

5  serious allegations, which, if proved, would entitle him to relief, his case is not exceptional. This

6  Court is faced with similar cases almost daily. At this stage in the proceedings, the Court cannot

7  make a determination that Plaintiff is likely to succeed on the merits. Moreover, based on a

8  review of the record, the Court finds that Plaintiff is able to articulate his claims adequately. *Id.*

9  Plaintiff has already filed a First Amended Complaint, which will be screened in due course.

10  (Doc. 15, ex. 1.)

11      Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion for the

12  appointment of counsel.  (ECF No. 23.)

13

14  IT IS SO ORDERED.

15  Dated:   **January 25, 2022**

16                                        UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28